## BLAIR v STONER

Ohio Appeals, 3rd Dist, Hancock Co

No 293.   Decided Jan 21, 1931

Gilbert Bettman, Columbus and Frank Bow, Canton, for Blair.

W. H. Kinder, Findlay, for Stoner.

The facts are stated in the opinion.

CROW, J.

This case was submitted to the court on a motion to dismiss the appeal.

The original proceeding was in the court of common pleas, and so far as concerns the parties hereto, the cause of action of appellee, Floyd A. Stoner, arose on his cross petition against the Superintendent of Banks of the State of Ohio, which officer was in possession of the business and property of The Arcadia Bank and Savings Company, pursuant to 710-89 GC.

Judgment was entered in favor of Stoner, October 26, 1929, the entry of which was corrected February 5, 1930, by a nunc pro tunc entry as to certain formal parts not affecting the substance of the judgment.

On October 28, 1929, a motion for a rehearing was filed by the Superintendent of Banks, which motion was treated as one for a vacation of the judgment; and, on July 30, 1930, was overruled.

There was no notice of intention to appeal, in the entry of judgment the record of which was changed by the nunc pro tunc entry, nor was there any such notice in the order allowing the nunc pro tunc entry. And no notice of intention to appeal was given at any other time or in any other manner than in the order overruling the motion for a rehearing.

No bond in appeal was given.

At the presentation of appellee's motion, his counsel expressly acquiesced in the position of counsel for appellant, that the subject-matter of the case was appealable, and appellee's counsel raised no question of the right of a state officer, such as is the Superintendent of Banks, to appeal a cause to the Court of Appeals.

The only points put forth in support of the motion, were that appellant had not given notice of his intention to appeal from the judgment, the notice of intention to appeal from the decision overruling the motion for a rehearing, being urged as not sufficing for that purpose; and that no bond had been given.

Subsequently, counsel for appellee informed the court that in view of 348 GC, the point concerning absence of a bond, was withdrawn.

We therefore decide the sole remaining question of whether it was necessary for the Superintendent of Banks to give notice of intention to appeal.

It was urged by counsel for the Superintendent of Banks, that the duties of that officer were such as to bring him within the terms of 12227 GC, as a party acting in a trust capacity, and as such exempted from giving notice of intention to appeal.

If that were the situation, the decision in the case of **Curry v. Manfull,** et., al., Number 22297, Supreme Court of Ohio, decided December 24, 1930, apparently in conflict with **84 Oh St 319,** would require notice of intention to appeal.

But we are clearly of opinion, and so hold, that the Superintendent of Banks, was not in a trust capacity in the contemplation of 12227 GC, but that his duties in relation to administering the property of the bank were only official.

Counsel has not referred to any existing statutory provision, and the court has been unable to find one, requiring a State Officer to give any notice of intention to appeal.

It therefore follows that the motion to dismiss the appeal should be overruled, and it is so ordered.

Before Judges Pendleton, Justice and Crow.